IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:08CR368**

**MAURICE B. QUARLES, JR.,**

    Petitioner.

### MEMORANDUM OPINION

Maurice B. Quarles, Jr., a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("2255 Motion," ECF No. 48). The Government requests that the Court deny the § 2255 Motion on the grounds that, *inter alia*, the statute of limitations bars the § 2255 Motion. Quarles has not responded. For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

### I.   PROCEDURAL HISTORY

Quarles pled guilty to possession with intent to distribute five grams or more of cocaine base. (Plea Agreement 1, ECF No. 16.) The Presentence Report found Quarles to be a career offender under United States Sentencing Guidelines Manual ("USSG") § 4B1.1, thus, his advisory guideline range was 188 to 235 months in prison. (Presentence Report ("PSR") ¶ 60; Worksheet D, at 1.) Nevertheless, on May 8, 2009, the Court granted Quarles's motion for a downward variance and entered final judgment, sentencing Quarles to 132 months of imprisonment. (May 8, 2009 Tr. 17–18, 22; J. 2, ECF No. 22.) Quarles filed no appeal.

On September 11, 2012, the Court received Quarles's § 2255 Motion.[1] (§ 2255 Mot. 1.) In his § 2255 Motion, Quarles asserts that in light of the decision in *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011), "he no longer qualifies for the Career Offender enhancement." (Mem. Supp. § 2255 Mot. 3.)[2] Quarles's § 2255 Motion will be dismissed for several reasons.

## II. ANALYSIS

### A. Guidelines Claims Not Cognizable in § 2255

Quarles's challenge to the calculation of his sentence under the guidelines fails to state a cognizable claim for § 2255 relief. *See United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "barring extraordinary circumstances" an error in calculation of Sentencing Guidelines not cognizable in a § 2255 motion); *see also United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) (citations omitted) ("guideline claims ordinarily are not cognizable in § 2255 proceedings."); *Milan v. United States*, --- F. Supp. 3d ----, No. 1:09cr228, 2014 WL 5454394, at *5 (E.D. Va. Oct. 24, 2014) (challenge to criminal history category not cognizable in § 2255); *cf. Hawkins v. United States*, 706 F.3d 820, 823–24 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1280 (2014); *Sun Bear v. United States*, 644 F.3d 700, 705–06 (8th Cir. 2011) (en banc) (challenges to career offender status under guidelines not cognizable in § 2255). Quarles fails to demonstrate any extraordinary circumstances that would allow the Court to reach the validity of the guidelines sentence at this late juncture. For this reason alone, Quarles's § 2255 Motion will be DENIED.

---

[1] Ordinarily, the Court deems a § 2255 Motion filed as of the date a prisoner executes his § 2255 Motion and states that he placed the filing in the prison mail box. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Quarles failed to use the standard form for filing a § 2255 Motion, and he does not include the date he executed the § 2255 Motion. Nevertheless, because Quarles filed his § 2255 Motion more than two years after the limitation period expired, the Court need not focus on the exact date he filed his motion.

[2] The Court employs the pagination assigned by the CM/ECF docketing system to Quarles's submission.

**B. Statute of Limitations**

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Quarles did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday May 22, 2009—the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Thus, Quarles had until Monday, May 24, 2010 to file any motion under 28 U.S.C. § 2255. Because Quarles did not file his § 2255 Motion until September 11, 2012, the statute of limitations bars the § 2255 Motion unless Quarles

demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or an equitable exception to the statute of limitations.

Quarles seeks belated commencement under 28 U.S.C. § 2255(f)(3) based on the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[3]

A § 2255 petitioner may obtain a belated commencement of the limitation period to "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). To the extent Quarles argues that he is entitled to a belated commencement under § 2255(f)(3) because *Simmons* was a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" he is incorrect. *Id. Simmons* "is not a Supreme Court decision recognizing a new right, [thus] it likewise cannot be invoked in connection with the limitation period onset contemplated by § 2255(f)(3)." *United States v. Bowman*, 561 F. App'x 294, 298 (4th Cir. 2014). Thus,

---

[3] In *Simmons,* the Fourth Circuit addressed the method for determining whether a prior conviction is considered a "felony" conviction punishable by a term of more than one year. *Simmons*, 649 F.3d 243–35. The Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history.

*Powell*, 691 F.3d at 556 (citing *Simmons*, 649 F.3d at 241). Quarles also cites *United States v. Thompson*, 480 F. App'x 201, 204 (4th Cir. 2012) in his § 2255 Motion. In that decision, the Fourth Circuit explained that the relevant inquiry is not the actual sentence the defendant received, but "whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment." *Id.*

4

Quarles lacks entitlement to a belated commencement period under *Simmons*. Accordingly, the statute of limitations bars Quarles's § 2255 Motion.[4]

### III. CONCLUSION

The § 2255 Motion (ECF No. 48) will be DENIED and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Quarles has not satisfied this standard. Accordingly, the Court will DENY a COA.

An appropriate Order will accompany this Memorandum Opinion.

Date: 4/29/15
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[4] Even if *Simmons* applied retroactively to Quarles's § 2255 Motion, it entitles Quarles to no relief. Quarles was found to be a career offender based on two prior felony drug convictions in which he received a sentence of more than one year. The Court found Quarles to be a career offender based on a January 10, 2005 conviction of possession of cocaine with intent to distribute to which he was sentenced to ten years of imprisonment with nine years and ten months suspended, and an August 1, 2007 conviction of possession of cocaine with intent to distribute to which he was sentenced to five years in prison suspended on ten years of good behavior. (PSR ¶¶ 33, 40, 60.)